IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Amanda Dixon                                                                                              Plaintiff

v.                                         No. 4:12-CV–800-JM-JTR

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                                  Defendant

## Instructions for Recommended Disposition

The following recommended disposition was prepared for U.S. District Judge James Moody Jr. A party to this dispute may file and serve written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] Failing to object within 14 days may waive the right to appeal questions of fact.[2] An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents to be proffered at a hearing.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

Based on this submission, Judge Moody will determine the need for a hearing.

## Recommended Disposition

Amanda Dixon seeks judicial review of the denial of her application for disability benefits.[3] Dixon worked for her brother-in-law for many years, helping to install siding and windows.[4] She stopped working in June 2009 when her brother-in-law's business failed.[5] She testified that she sought other work, but she cannot work around people she doesn't know well.[6] She applied for disability benefits and based disability on a back injury, learning problems, obsessive-compulsive disorder, social anxiety disorder, bipolar disorder, and schizophrenia.[7] Of these multiple complaints, the record establishes only anxiety.

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Dixon has severe impairments — back disorder, chronic kidney problems, depression, and anxiety[8] — but she can do some light work.[9] Because a

---

[3]SSA record at p. 103.

[4]*Id*. at pp. 123, 138 & 145.

[5]*Id*. at p. 36.

[6]*Id*.

[7]*Id*. at p. 136.

[8]*Id*. at p. 17.

[9]*Id*. at p. 19.

vocational expert identified available work for a person with Dixon's impairments,[10] the ALJ determined Dixon is not disabled and denied the application.[11]

After the Commissioner's Appeals Council denied a request for review,[12] the ALJ's decision became a final decision for judicial review.[13] Dixon filed this case to challenge the decision.[14] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[15] This recommendation explains why substantial evidence supports the decision and why the ALJ made no legal error.

**Dixon's allegations**. Dixon challenges the ALJ's evaluation of her credibility. She

---

[10]*Id*. at pp. 45-46.

[11]*Id*. at pp. 24-25.

[12]*Id*. at p. 1.

[13]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[14]Docket entry # 1.

[15]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

relies on her testimony that she is unable to sweep, vacuum, or carry objects heavier than a gallon of milk. She insists anxiety prevents her from working with people she doesn't know well. She contends the vocational expert's testimony conflicts with the Dictionary of Occupational Titles (DOT). She says the vocational expert identified jobs requiring more reasoning ability than the ALJ asked about. She maintains the Appeals Council should have remanded this case because she submitted medical records after the unfavorable decision. For these reasons, she argues that substantial evidence does not support the ALJ's decision.

**Applicable legal principles**. For substantial evidence to support the decision, a reasonable mind must accept the evidence as adequate to show Dixon can do some light work.[16] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[17] The ALJ reduced light work by the following limitations: (1) occasional stooping, crouching, crawling, or kneeling; (2) no climbing; (3) work where interpersonal contact is superficial and incidental to work performed; and (4) the complexity of tasks is learned and performed by rote with few

---

[16]*Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[17]20 C.F.R. §§ 404.1567(b) & 416.967(b).

variables and little judgment.[18] The court must determine whether a reasonable mind would accept the evidence as adequate to show Dixon can work within these parameters.

**New evidence**. After the ALJ issued the unfavorable decision, Dixon submitted 276 pages of new evidence. She asks the court to remand this case because the Appeals Council did not require the ALJ to consider the new evidence. The Appeals Council reviewed the new evidence and denied Dixon's request for review.[19] "Where, as here, the Appeals Council considers new evidence but denies review, [the issue is] whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence."[20]

The new evidence includes diagnostic imaging of Dixon's lower back and treatment records for abdominal pain. The evidence is relevant to Dixon's claim and relates to the period on or before the date of the ALJ's decision,[21] but there are two reasons it provides no basis for relief. The first reason is because other treatment records provide more probative information about Dixon's back. The record shows Dixon's back pain resolved with treatment. The second reason is because the record already included treatment records for abdominal pain from UAMS specialists and because some of the treatment

---

[18]SSA record at p. 19.

[19]*Id*. at pp. 1-5.

[20]*Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007).

[21]*Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990).

records are duplicates.[22] The new evidence adds little to Dixon's case. The following discussion explains why substantial evidence on the record as a whole supports the ALJ's decision.

**Back pain**. Dixon bases her claim, in significant part, on a back injury and back pain.[23] The record reflects no back injury. The diagnostic imaging shows a protruding disc with "probable slight impingement upon the proximal descending left S1 nerve root."[24] Although a likely source of some low back pain, the probable slight impingement has little probative value because, at that time, Dixon worked 56 hours per week, helping her brother-in-law install siding.[25] That effort shows the probable slight impingement did not prevent Dixon from working.

A year after the imaging, Dixon had back surgery.[26] Two months after her surgery, her back pain was better.[27] The surgery must have resolved her pain, because six months

---

[22]*See, e.g.*, SSA record at p. 524 (discussing extensive work-up for complaints of abdominal pain); pp. 491-93 (consultative notes by gastroenterologist); p. 311 (hospitalization for kidney stone and urinary tract infection); p. 292 (consultative notes by urologist).

[23]*Id*. at pp. 136 & 155.

[24]*Id*. at p. 773.

[25]*Id*. at p. 138.

[26]*Id*. at pp. 34, 170 & 487.

[27]*Id*. at p. 551.

later, Dixon felt good enough to exercise with an ab roller,[28] a device which requires a stable back.

To the extent Dixon has some residual back pain, the ALJ's limitation on stooping, crouching, crawling, kneeling, and climbing accommodates that pain. A reasonable mind would accept the evidence as adequate to show Dixon can lift 20 pounds, and frequently lift/carry 10 pounds, because she is a young woman (age 29 when she stopped working), the medical evidence establishes no functional impairment flowing from her back, surgery improved her back pain, and the ALJ accommodated any residual pain. A reasonable mind would accept the evidence as adequate to support the ALJ's credibility evaluation, because Dixon's claim is based on subjective complaints. Her subjective allegations are not enough to prove she is disabled; medical evidence must support her allegations.[29] No medical evidence suggests she is unable to sweep, vacuum, or carry objects heavier than a gallon of milk.

**Kidney problems**. For a while, Dixon's more troublesome issue was likely kidney problems. Six months before she stopped working, Dixon began to experience abdominal

---

[28]*Id*. at p. 571.

[29]*Flynn v. Astrue*, 513 F.3d 788, 792 (8th. Cir. 2008); *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

pain.[30] Her gallbladder was removed.[31] She had urinary tract infections.[32] She passed a kidney stone.[33] Her problems resolved with treatment. These problems provide no basis for relief, because "[a]n impairment which can be controlled by treatment or medication is not considered disabling."[34] The medical evidence reflects no functional impairment flowing from these previous problems.

**Mental impairment**. Dixon complained about anxiety and panic attacks before she stopped working.[35] She worried about her husband; he was incarcerated at the time.[36] Her primary care physician prescribed psychotropic medication and referred her to a mental health provider.[37] Seven months after she stopped working, she sought treatment from a mental health provider.[38] She reported irritability, difficulty concentrating, worry,

---

[30]SSA record at p. 597.

[31]*Id*. at p. 604.

[32]*Id*. at pp. 188 & 311.

[33]*Id*. at pp. 292 & 311.

[34]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

[35]SSA record at p. 561.

[36]*Id*. at pp. 560-61.

[37]*Id*. at pp. 555 & 557.

[38]*Id*. at p. 229.

restlessness, and anxiety for two to three years.[39] This report indicates that irritability, difficulty concentrating, worry, restlessness, and anxiety have little impact on Dixon's ability to work, because she worked with those symptoms.

Dixon's psychiatrist prescribed various medications and adjusted doses to find the best combination to alleviate Dixon's symptoms. Dixon reported improvement.[40] According to a recent report, Dixon is doing much better,[41] although she reports periodic anxiety attacks.[42] Even without this improvement, agency mental health experts opined that Dixon can do simple, routine, repetitive, one-or-two step work with incidental social contact.[43] The ALJ responded by reducing Dixon's ability to work. A reasonable mind would accept the evidence as adequate to support the ALJ's decision because mental health treatment controls Dixon's symptoms, and because the ALJ eliminated complex work and limited interpersonal contact.

**Vocational evidence**. The ALJ asked a vocational expert about available work for

---

[39]*Id*.

[40]*See, e.g., id*. at pp. 282, 285 & 287. *But see id*. at p. 286 (increased symptoms when she stopped her medication on her own).

[41]*Id*. at p. 280.

[42]*Id*. at p. 279.

[43]*Id*. at pp. 213-15 & 243.

a person with Dixon's impairments.[44] In particular, the ALJ asked about work in which the complexity of tasks is learned and performed by rote with few variables and little judgment.[45] The vocational expert identified production line assembler and plastics loading machine tender as representative light work.[46] Dixon maintains the vocational expert's testimony created a conflict with the DOT, because the DOT describes the identified jobs as requiring level 2 reasoning. Dixon argues that the ALJ erred by failing to resolve the conflict.

The vocational expert's testimony created no conflict because the ALJ did not limit Dixon to simple one-step or two-step instructions or otherwise indicate she can only work at the DOT's level 1 of reasoning.[47] Level 2 reasoning calls for the use of commonsense to carry out detailed but uninvolved written or oral instructions, and involves problems involving a few concrete variables in standardized situations. Both identified jobs require common sense, require detailed but uninvolved instructions; there are a few concrete variables in standardized situations. Neither job exceeds Dixon's ability.

**Conclusion and recommendation**. The vocational expert's testimony shows work exists that Dixon can do, regardless of whether such work exists where she lives, whether

---

[44]*Id*. at pp. 45-46.

[45]The transcript contains typographical errors.

[46]*Id*. at p. 46.

[47]*Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010).

a job vacancy exists, or whether she would be hired if she applied for work.[48]  Because such work exists, Dixon is not disabled under social security disability law. Substantial evidence supports the ALJ's decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Dixon's request for relief (docket entry # 1) and AFFIRMING the Commissioner's decision.

It is so ordered this 23rd day of May, 2014.

_____
United States Magistrate Judge

---

[48] 42 U.S.C. § 1382c(a)(3)(B) (defining disability under social security disability law).